I would like to begin with some of the procedural issues that this case raises as the government has argued both that Mr. Williams 2255 motion and this appeal are barred by the collateral attack waiver in the global plea agreement that was entered into and the government has also argued procedural default for failure to raise this challenge at the before the trial court and the sentencing court. We do submit that this case falls within the illegal sentence exception under both Bibler and Torres and I think that you know the government has argued that in this case we don't fall within that those cases because we're not attacking the sentence but rather we're attacking the conviction and I would submit that that is incorrect. I think that this court's en banc opinion in the United States versus Beran which I was raised is not in our briefing but I can hand the citation up or would be happy to submit. If you want to have an additional citation if you can just send a 28-J letter. Absolutely. Thank you. Absolutely. And in Beran the court explained or this court explained rather that in the 2255 context what the petitioner sought to do and this was a case where the petitioner was challenging a 924C sentence that what the petitioner was really seeking to do is to set aside his sentence and that as a ground to do so he claimed that his conviction was void because it wasn't authorized by law. And that's precisely the circumstance that the court is presented with here. In this case Mr. Williams asks the court to set aside his mandatory consecutive 84-month sentence on the 924C count and any challenge to the 924C conviction is merely a ground upon which he relies in asking the court to set aside that illegal sentence. The government has also argued that with regard to the collateral attack waiver in this case that the court should interpret that as a contract and the contract principles would suggest that Mr. Williams' petition and appeal should be dismissed. But Beran also gives us guidance in this regard and I think there this court again sitting on bonk noted that a plea agreement, the plea agreement analogies can be helpful in assessing waivers or plea agreements and waivers but that contract analogies are quote not perfect. The court noted that a plea agreement is not a commercial exchange and for caution that a person's time in prison can never be restored to them such that contract analogies don't apply exactly because the parties can't and particularly the person who's been in prison can never be returned to the initial position that they were in prior to entering into a contract. What I was struggling with because I'd like to draw a little chart with all of his procedural situations but that is your argument that you know under Blackstone it would seem that he had violated or missed the one year bar issue but you say well no that's not good law anymore after Davis. But Davis has not been made retroactive so perhaps you can walk me through why we wouldn't just stop there. Well your honor I don't have a great deal to add to a briefing on that except to say that it's a position that because Johnson dictates Davis that Johnson and the Johnson year timeline and so we don't need to sort of wait for an additional case or Mr. Williams doesn't need to refile specifically under Davis. I think that to say that would be inviting essentially waves and waves of petitions with petitioners. I mean if we were to I mean I hear what you're saying if we were to dismiss it on the Blackstone ground we would get maybe not us but the Ninth Circuit District Court would get another petition on this question of Davis extending Johnson too. Is that what your response is? Yes and I think it's also important to note that there weren't sort of additional kind of logical leaps or additional cases that the Supreme Court added in Davis in order to reach its holding. It is a strict application of Johnson. It is dictated by Johnson and so I think that this is distinct from cases where perhaps the rule that comes out of a case while informed to a great degree by prior precedent also requires other cases in order to reach its conclusion which was not the case in Davis. With regard to the government's argument that you know essentially Mr. Williams should file another petition and could ask for permission to a second or successive petition I don't necessarily agree that he would need to on this procedural record. I would note that if that is ultimately the way that the court goes we'd ask the court to consider granting him permission to file that petition. Mr. Williams is... You mean giving advance? Yes. Permission. Or at least sort of note about the propriety of that permission and the reason for that is quite honestly in some sense is practical. I think the government has agreed that it would be appropriate to file Mr. Williams's current projected release date is April of 2021 with potentially halfway house placement and things I think if we had to go through litigating whether or not he needs to file that practically speaking any potential relief would be sort of serrated at that point as a practical matter. But the merits would come out the same way whether we do them now or later is that right? Yes. Okay. Yes. Absent intervening case law between now and then changing the record yes. And so again we'd ask the court not to treat this strictly as a contract situation and again I think it's important to note and particularly in the 2255 context is this court described in Barron that what is at stake for the parties in this type of a situation is incredibly important and I think it gives the court a reason to not apply strict contract principles where the court in Barron noted that what's at stake for a defendant in this situation is his liberty and by the situation I mean with plea agreements and that what's at stake for the government is just punishment for violations of the law and it's interest that an innocent act not be punished. So on the whole we would ask the court to find that this case falls within Bibler and Torres and Barron. With regard to the government's arguments about procedural default we would submit that Mr. Williams is excused from any default based upon both actual innocence and because he can meet cause and prejudice. Cause because this claim was a constitutional claim I apologize was unavailable to him at the time that he was tried and sentenced in light of James in 2007 and Sykes in 2011 which Johnson then explicitly overruled. And with regard to prejudice he can establish that there's a reasonable probability that without the error the result would have been different because he received a mandatory 84 month consecutive sentence as a result of the 924C conviction. And while there wasn't a reply filed with this, this was all briefed in the district court. The briefing for that is at docket 13 of the habeas petition at pages 3 through 7. Did you want to save your remaining time? Yes. Thank you. Good morning, your honors. May it please the court. Michael Morgan for the United States. Procedurally this case is a mess and there are just myriad obstacles to the court reaching the merits. I mean the most fundamental one is that Blackstone makes crystal clear this case is untimely. I'm perfectly cognizant of the practical concerns that we're just shunting the defendant off to a second 2255 but that's the statutory scheme. The scheme is set up that way and the defendant's argument that somehow or other because Davis sort of followed logically on from Johnson, well that was considered in Blackstone. It's like this is a different rule. It's an extension of the Johnson rule to a new context. That's a new rule. So if they want to take advantage of that new rule they need to file a second petition. And then we'll get the same briefs we have here about whether this is a divisible statute and... Well that is that is absolutely true and of course the court can affirm on any ground and if the court is inclined to reach the merits because it thinks that's an easier disposition the government doesn't object to that. I mean we certainly don't waive any of our procedural defenses. I'd be interested in hearing your merits argument. Sure. Okay this statute everyone agrees the statute is at least divisible into two parts. The first part which sets forth the what I'm calling the standard offense. Second part the enhanced offense. The defense seems to be taking the position although that none of their briefing actually addresses it that the first part of the statute is just one offense but that the statutory language makes that impossible because it's three offenses. It's assault, it's robbery, and it's attempted robbery. What about the second? What about the aggravated offense? Well we can talk about that but you don't need to get to the aggravated offense. I'm getting to it. Okay. I'd like to talk about it, right? I'd like to talk about it. The aggravated offenses are also divisible because juror unanimity is required for any aggravator. Mathis and Rendon tell us that for divisibility purposes an element is anything about which the jury must unanimously agree. Right. So that's also divisible. So what we essentially have is 12 offenses in this statute. The defendant was convicted of one. And since the statute is divisible we can look at the Shepard documents. At what point do we look at the Shepard documents? That's really part of my question. Okay. Interesting, right? Because I agree with you. There's no question. There's two because you have a 10 year and a 25 year. So then you get to the, I think, which is the more interesting question for me, is the divisibility, the aggravated offense. And at what point can we peak there? All right. Well you can certainly... It's not the way we've already peaked. Well you can certainly... Right. You can certainly peak at the first part just to see whether or not it's an aggravated offense or not. And if it wasn't an aggravated offense then you would be sort of looking at the top part. And if it's an aggravated offense, well you can look to the aggravator or alternatively, and the government would suggest logically, you can actually just look to the top part. Because if the unaggravated offense counts, then necessarily the aggravated offense counts. So if unaggravated robbery is a crime of violence, which we argue, then necessarily aggravated robbery is a crime of violence. I'm not so persuaded by your unaggravated because we have a common law robbery definition. It seems to me then we're focusing on aggravated and if your analysis is, which we easily do, I mean it's easily divisible that way. Yes. And if we peak there and determine that he's convicted of the aggravated offense, I'm not sure why we're spending any time on this, what you call the basic offense anyway. But if you could just humor me, I'd really appreciate hearing your analysis of the aggravated offense and its divisibility and whether all three of its components qualify. Okay. The government's position is it is divisible, again, because unanimity is going to be required for any particular aggravator. So it's divisible. So now we just look at which aggravators at issue in this case. This is a life in jeopardy case. We would take the position that wounding certainly counts. The recidivist aggravated- Excuse me. It's a life in jeopardy case because you peaked again? Yes, because it's divisible. So we're allowed- But it's just, that's what I'm just trying to get at. If you could just- Right. Again, because you're peaking and then you're sort of peaking again. The first peak- Right. It's a little odd, but the first peak is to make sure that we're in the aggravated land. Correct. And then you're peaking again, I think, because there are at least three ways to do this. And the third is just a repeat offense of the first basic one. So we know that's different, a different crime. Yes. Okay. So- I'm not trying to put words in your mouth. No. I am trying to follow along. No, and you're right. It's sort of, it is kind of like a double peak. It's a peak, and then now that we've decided that it's aggravated, now we can actually go down the aggravators because we've decided the aggravators themselves are divisible. So now we can actually do the categorical analysis focusing on the particular aggravator. Which is how you- I just don't want to skip any steps. And that's how you get to life in jeopardy. Correct. Okay. Right. And so then if we're at the life in jeopardy, that is a threatened use of physical force. So what about this notion that this statute would tolerate a recklessness standard? Well, that issue was decided by the court in Watson in respect to the bank robbery statute, which is materially indistinguishable. And the court read the Supreme Court's Carter decision that says that all the acts have to be knowingly. So it has to be a knowing act in Watson of intimidation. But here it would be a knowing act of placing the defendant's life in jeopardy. So that's where you get the intentional- Right. Right. And in fact, as the jury was instructed in this case, the jury had to find the defendant intentionally- they used intimidation as a sub-in for life in jeopardy, which I'm not sure why they used that. But that's the instruction that was given. But nevertheless, the jury was instructed that they had to find the defendant acted intentionally in a manner that would put the defendant's life from an objective standpoint in jeopardy. Well, that almost sounds like a factual analysis, though, and we're in modified categorical land. Oh, no, absolutely. I'm simply saying that the jury's instructions make clear or are evidence that, in fact, this element, the placing the defendant's life in jeopardy, has an intentional requirement. It's not a negligence. You can't be guilty by negligently putting the defendant's life in jeopardy. And I'm not trying to be a stickler, but we look under math as we look at the jury instructions. Typically, we're looking at a pattern set. You seem to be acknowledging that, in this case, the instruction was modified, so it gets a little dicey to go there. That's fine. I think I was mainly responding to the defense argument that the instructions somehow show that this case was submitted on a negligence theory, and it just wasn't. But stepping back from the instructions, I think just taking the analysis in Watson, and there's no reason not to import it here. I mean, they're both robbery statutes. They were enacted at the same time. There's no evidence that Congress ever intended for robbery to be any different. So it's an intentional crime. It's a knowing crime. You don't have to specifically intend anything, but you have to knowingly act in a way that puts the defendant's life in an objective risk of jeopardy. That suffices under Leocal to meet the intentional standard. And just I would like to circle back just quickly, even though I understand if you agree with that the aggravated counts, you can avoid the top part. But I think after Stoeckling, there's not a lot of room to argue that a common law statute doesn't qualify as a crime of violence. Stoeckling says common law robbery counts. Common law robbery included putting in fear, which is what we have here. So I don't see how, consistent with Stoeckling, you can say that a common law robbery statute isn't a crime of violence. I don't think that argument is open anymore. Unless the Court has any further questions. I do not. Thank you. Thank you. So if I may, I'd like to begin kind of where we just left off. With regard to the Court's questions with respect to the aggravated offense, both about divisibility and then whether all three of the components of the aggravated or enhanced penalty clause cover. So with regard to divisibility of the second piece and sort of the Shepard documents and when do we look, I do agree that we have this sort of, it is always an odd posture where you have a statute that is very clearly, because of the different penalties, divisible into multiple offenses. And then there remains the question of, are each of those offenses then further divisible? And so I think that the Court will. But why aren't they here? I mean, your time is ticking. Why aren't they? They look pretty divisible to me. Well, Your Honor, I think that actually that the case of the government brought up of Knight and its supplemental briefing and it addressed it at 20 to 22 of its supplemental briefing. I think that, frankly, that Knight provides and the government even says in its briefing that viewed in isolation, the language could be construed as stating that 2114A includes a single aggravated crime and that wounding and life and jeopardy variants are just means of satisfying this aggravating element. Aggravated element. And so I think that where we have a statute where you have three different things listed and one of them is simply a recidivist offense. And as the Court noted, you can kind of easily peel that off. And where we have an analysis that focuses on the facts that juries have to unanimously find as sort of the touchstone. Again, time is ticking. So what you're doing with the aggravated offense is dividing it into, not into thirds, but into two thirds and one third. That's what you're doing. Correct. And I don't think that our briefing, opening brief, clearly did that. But I think that Knight supports that. We did. I got that. And again, we apologize to the Court and recognize the record here could be more clear. So that's your argument. Help me out with that. Yes. You want me to decide that the two thirds of the aggravated offense is not divisible. So what's your best shot? Yes, Your Honor. So I think that, frankly, Knight supports that proposition. And the government has said that it's not aware of any case that says that means can be sort of separately divisible within a statute. I am not either. I am also not aware of any case that says that it can't be or that they can't be. And the government hasn't cited any case for that. And so I think that where we're dealing with means that would fall outside of apprendi and then one that would fall within an exception, rather to apprendi. I think that it is sensible to say that where there are reasons to find that the factual means that have to be found by a jury are indivisible, that the presence of something that is an apprendi exception doesn't render them or doesn't sort of eviscerate that the ability to find them invisible. Thank you. Thank you. The case argued, Williams versus United States is submitted. Thank you both for your argument this morning.
judges: McKeown, Christen, Harpool